[Crim. No. 44212. Second Dist., Div. Seven. June 8, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS CHANDLER PARSONS, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Nancy Gaynor, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Carol Wendelin Pollack and Robert C. Schneider, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

LEW, J.*—

### CASE HISTORY

By way of information, the District Attorney of Los Angeles County charged appellant with one count of receiving stolen property in violation of Penal Code section 496. Appellant pleaded not guilty.

By way of a second information, the District Attorney of Los Angeles County charged appellant with one count of burglary in violation of Penal Code section 459 and a second count of grand theft auto in violation of Penal Code section 487, subdivision 3. Appellant pleaded not guilty to both counts.

The two informations were consolidated for trial.

Appellant was tried by jury. The jury found appellant guilty of all counts as charged.

At the probation and sentencing proceedings, probation was denied. Appellant was sentenced to the upper base term of three years for grand theft auto and the upper base term for the remaining two counts but stayed those sentences pending the serving of the sentence on the grand theft auto count, and such stay to become permanent upon successful completion of the sentence on the grand theft auto count.

Appellant in this appeal of his conviction raises three points of error: His first contention is that the prosecution committed prejudicial misconduct by

*Assigned by the Chairperson of the Judicial Council.

eliciting evidence at trial that appellant was arrested for burglary after the trial court ruled such evidence inadmissible. Secondly, appellant contends that his public defender rendered ineffectual counsel by failing to object to irrelevant evidence that implicated appellant in collateral burglaries and thefts in addition to the crimes charged. Appellant's third contention is that the court's failure to instruct the jury *sua sponte* on CALJIC No. 17.01 was reversible error.

Appellant filed a timely notice of appeal.

FACTS

On August 21, 1982 at 4 a.m., Redondo Beach Police Officer Nelson responded to a call to investigate a subterranean parking lot below an apartment building. After arrival, the officer saw appellant behind some shrubbery. Appellant was wearing swimming trunks with a screwdriver in his waistband. Officer Nelson ordered appellant to come forward with his hands on his head. As appellant complied, another officer arrived for assistance. Appellant was placed in the assisting officer's custody as Officer Nelson investigated further.

Nelson spotted a late model Datsun with a suspicious license plate for a car of its year. The hood was warm. Nelson had the vehicle checked and felt that it was possibly stolen. Appellant was brought to the car. Using appellant's key, the car was unlocked and started. Inside the auto was appellant's wallet containing personal identification and obviously stolen credit cards. A California dealer's license plate was on the floor. Appellant was arrested and booked; the car was impounded. An impound search revealed other stolen property.

In September 1982, a Pontiac dealer in Manhattan Beach was burglarized. Investigation showed that the rear door was broken and that a new Pontiac Trans Am was stolen. Appellant had worked for the Pontiac dealer until the late spring. On October 17, 1982, the Trans Am was found and appellant's fingerprints were lifted from items found in the Trans Am.

At trial, the People, on direct examination of one of the police officers, elicited evidence that appellant was arrested for auto burglary in addition to the grand theft auto charge. The trial court had already ruled that such evidence was inadmissible as irrelevant. The public defender (PD) objected and moved to strike evidence of this kind. The PD also asked for and received jury admonishments from the court that they disregard that evidence.

However, the PD failed to object to evidence that appellant was carrying a screwdriver and was a suspect at the scene of the parking garage. Further,

evidence that a "slim-jim" was found in the Pontiac was admitted without objection.

At the termination of the trial, the jury was not instructed that they must unanimously agree on the particular items of property appellant received in order to find him guilty of receiving stolen property. This instruction is found in CALJIC No. 17.01.

## I. PROSECUTORIAL MISCONDUCT

### A. *The Prosecutor Failed to Guard Against the Introduction of Inadmissible Evidence in Trial*

██ "A prosecutor is under a duty to guard against inadmissible statements from his witnesses and guilty of misconduct when he violates that duty. . . ." (*People* v. *Cabrellis* (1967) 251 Cal.App.2d 681, 688 [59 Cal.Rptr. 795].)

When a prosecutor intentionally asks questions, the answers of which he knows are inadmissible, the prosecutor is guilty of bad faith attempts to improperly persuade the court or jury. (*People* v. *Mazoros* (1977) 76 Cal.App.3d 32, 48 [142 Cal.Rptr. 599].)

In the case at bar, the prosecutor elicited evidence that the appellant was arrested for committing auto burglary apart from the charges material to the case.[1] Generally, such evidence is inadmissible as prejudicial and improper

---

[1] "Q. When you returned after your investigation, out of the presence of the defendant, was the defendant still being detained by Sergeant Nelson?
"A. Yes.
"Q. What, if anything, occurred at that point?
"A. Well, when I returned to the defendant and Sergeant Nelson, I brought the witness with me for a field show-up.
"Q. Okay. After that occurred—
"A. I placed the defendant under arrest for investigation of auto burglary.
"MR. LESTER: Objection, Your Honor, move to strike.
"THE COURT: Sustained.
"MR. LESTER: Ask the jury be ordered to disregard it.
"THE COURT: Jury is ordered to disregard it.
"MR. GREENE: Okay.
"Q. After that occurred, what happened next?
"A. I seated defendant in my vehicle and I proceeded to conduct a further investigation of the burglarized vehicle.
"MR. LESTER: Objection, Your Honor.
"THE COURT: Sustain the objection.
"MR. LESTER: Your Honor—
"Q. BY MR. GREENE: At some point—
"MR. LESTER: I move to strike all the testimony.
"THE COURT: All this testimony.
"MR. LESTER: I think this is improper. After all the discussion we've had, Your Honor, that this witness be allowed to testify in this manner without proper preparation of the witness.
"THE COURT: Well, I will order it stricken and the jury to disregard the last question and answer, as well as the previous question and answer."

character evidence. (*People* v. *Ray* (1967) 252 Cal.App.2d 932, 961 [61 Cal.Rptr. 1]; *People* v. *Duran* (1969) 269 Cal.App.2d 112, 117-118 [74 Cal.Rptr. 459].), although, this evidence is not as prejudicial as evidence of a prior conviction. (*People* v. *Szarvas* (1983) 142 Cal.App.3d 511, 524 [191 Cal.Rptr. 117].) Since the prosecutor showed bad faith permitting the officer to testify to evidence already ruled inadmissible, we find that he was indeed guilty of misconduct.

B. *Appellant Contends, of Course, That the Misconduct Was Harmful Error Requiring Reversal*

■ Appellant correctly contends that the misconduct need not be intentional to be harmful. (*People* v. *Bolton* (1979) 23 Cal.3d 208, 213-214 [152 Cal.Rptr. 141, 589 P.2d 396].) Appellant wrongly relies on numerous cases reversing convictions when evidence of a prior conviction was introduced by misconduct. (E.g., *People* v. *Bentley* (1955) 131 Cal.App.2d 687 [281 P.2d 1]; *People* v. *Gibson* (1976) 56 Cal.App.3d 119 [128 Cal.Rptr. 302].) In this instance, however, appellant's contention is misplaced.

The general rule is that the misconduct is harmful when it is reasonably probable that a more favorable result to the defendant would have occurred had the prosecutor not committed the misconduct. (*People* v. *Bolton, supra,* 23 Cal.3d at p. 214.)

Reasonable probability that the misconduct prejudiced the defendant focuses on how prejudicial the wrongful evidence is and the weight of the evidence adduced at trial.

In the present case at bench, the appellant's attorney met his burden of objecting to the misconduct and seeking a curative admonition. (*People* v. *Mazoros, supra,* 76 Cal.App.3d at p. 48.)

We have already noted the wrongful evidence here was not as prejudicial as evidence of a prior conviction. But even when improper evidence of a prior conviction is admitted by misconduct, the misconduct is not reversible in the face of convincing evidence of guilt: ■ "Improper evidence of prior offense results in reversal only where the appellate court's review of the trial record reveals a closely balanced state of the evidence. [Citations.] The same error, viewed in the light of a record which points convincingly to guilt, is consistently regarded as nonprejudicial. . . ." (*People* v. *Stinson* (1963) 214 Cal.App.2d 476, 482 [29 Cal.Rptr. 695].)

Our Supreme Court has agreed: "A closer case, marred by the same misconduct, might well require reversal." (*People* v. *Bolton, supra,* 23 Cal.3d at p. 215.)

 The case at bench presents a trial record of convincing evidence of guilt. Therefore, we hold that the prosecutor's misconduct was harmless and that the jury followed the court's admonition to disregard the improper evidence. (*People* v. *Stinson, supra,* 214 Cal.App.2d at p. 483.)

## II. INEFFECTUAL COUNSEL

 Appellant contends that the public defender's failure to object to the admission of evidence implicating the appellant in other crimes not charged in the information requires reversal for ineffectual assistance of counsel. We disagree.

In *People* v. *Fosselman* (1983) 33 Cal.3d 572 [189 Cal.Rptr. 855, 659 P.2d 1144], our Supreme Court redefined the test for determining whether effective counseling was rendered.

First, we must consider whether the alleged ineffectual counseling robbed the defendant of a potentially meritorious defense and whether appellant's attorney failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates. (*Id.,* at p. 581, citing *People* v. *Pope* (1979) 23 Cal.3d 412, 425 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].)

In the instant case, appellant refused to offer any comments to his PD suggesting a defense. Appellant's PD, therefore, had no theory of defense and sought only to put the People to their proof. We conclude, therefore, that even if the PD failed to object to the admission of evidence that the appellant was under suspicion of other crimes, the error did not rob the appellant of a potentially meritorious defense. Simply, no defense existed of which appellant could be robbed.

Second, we must consider whether appellant's trial counsel was ineffective despite no loss of a potentially meritorious defense.

The Supreme Court has held: "We conclude that in cases in which a claim of ineffective assistance of counsel is based on acts or omissions not amounting to withdrawal of a defense, a defendant may prove such ineffectiveness if he establishes that his counsel failed to perform with reasonable competence *and* that it is reasonably probable a determination more favorable to the defendant would have resulted in the absence of counsel's failings. . . ." (*People* v. *Fosselman, supra,* 33 Cal.3d at p. 584, italics added.)

In the case at bench, it is obvious that the second prong of the *Fosselman* test, to determine effectiveness of counsel absent a loss of a potentially meritorious defense, is not met by the appellant.

■■■■■ Given the clear weight of evidence in favor of appellant's guilt, there is no indication that a determination more favorable to the appellant would have resulted had the PD zealously objected to evidence implicating the appellant in crimes not charged in the information. We need not consider whether counsel's failure to do so was below the standard of an attorney with reasonable competence. The *Fosselman* two-pronged test is in the conjunctive, not the disjunctive.

## III. *CALJIC 17.01*

### A. *Appellant Finally Contends that the Trial Court Should Have Given CALJIC 17.01 Sua Sponte and That This Failure Was Reversible Error*

■■■■ CALJIC No. 17.01[2] must be given where the evidence tends to show that the defendant committed more than one offense, yet he is charged in only one count. (*People* v. *Madden* (1981) 116 Cal.App.3d 212, 219 [171 Cal.Rptr. 897].) This instruction is to insure that all 12 jurors agree on one particular act or acts that constitute the crime charged. (*Ibid.*) If the case mandates the use of the CALJIC No. 17.01 instruction, the trial court must give the instruction *sua sponte*. (*People* v. *Bottger* (1983) 142 Cal.App.3d 974, 984 [191 Cal.Rptr. 408].)

In the case at bench, the appellant was charged with receiving stolen property. Evidence showed that the appellant may have received four different items of stolen property at four different times. Therefore, although the jury may have felt that, given the evidence, the appellant was guilty of receiving stolen property, they would have to agree that the appellant was guilty with respect to receiving one or more of the items of property produced at trial. (*People* v. *Diedrich* (1982) 31 Cal.3d 263, 281 [182 Cal.Rptr. 354, 643 P.2d 971].)

The respondent contends that this crime falls under the limited exception to this rule commonly referred to as the "continuous conduct exception." We find this contention misplaced.

---

[2]"CALJIC No. 17.01 provides: "VERDICT MAY BE BASED ON ONE OF A NUMBER OF UNLAWFUL ACTS

"The defendant is charged with the offense of _____. He may be found guilty if the proof shows beyond a reasonable doubt that he committed any one or more of such acts, but in order to find the defendant guilty, all the jurors must agree that he committed the same act or acts. It is not necessary that the particular act or acts committed so agreed upon be stated in the verdict."

In *People* v. *Daniel* (1983) 145 Cal.App.3d 168 [193 Cal.Rptr. 277], the defendant was charged with embezzling amounts over time equaling $25,000 from the same victim. This court analyzed the history of the exception and found that where "there was sufficient evidence from which the jury could have reasonably concluded that the takings were the part of a overall plan or scheme," the exception applied. (*Id.*, at p. 174.) The court held that the exception applies "where the information alleged a course of conduct in statutory terms which had occurred between two designated dates and the issue before the jury was whether the accused was guilty of the course of conduct, not whether he had committed a particular act on a particular day." (*Id.*, at pp. 174-175.)

In this case, however, the appellant was charged with receiving stolen property, representing four items from four different victims. We hold, therefore, that the jury would have to have agreed on which act or acts of receiving the particular item or items of property the appellant was guilty of before convicting him of the crime. (*People* v. *Gonzalez* (1983) 141 Cal.App.3d 786, 792, fn. 6 [190 Cal.Rptr. 554].) CALJIC No. 17.01, then, should have been given *sua sponte*.

### B. *Although CALJIC 17.01 Should Have Been Given Sua Sponte, We Find That the Failure Was Only Harmless Error*

The Supreme Court dealt with the failure to give CALJIC No. 17.01 as error in *People* v. *Diedrich, supra,* 31 Cal.3d 263, where the defendant's defenses to the charge differed. The Court delineated an instance where failure to instruct CALJIC No. 17.01 is harmless error: "[A] case where the jury's verdict implies that it did not believe the only defense offered." (*Id.*, at p. 283.)

In this case, we find that the appellant was unable to proffer any defense, but merely put the People to their proof. As was held in *People* v. *Gonzalez, supra,* 141 Cal.App.3d at page 792, footnote 6: "Where the jurors cannot disagree concerning the defense offered, [the authorities] treat the lack of an instruction as 'harmless error.'" (Accord *People* v. *Deletto* (1983) 147 Cal.App.3d 458, 473 [195 Cal.Rptr. 233].)

The jurors, therefore, could not have reasonably disagreed as to which act the appellant was guilty of and yet convict him, simply because there was no defense proffered to any one or more items of stolen property received. So although CALJIC No. 17.01 should have been given, the failure to do so *sua sponte* was merely harmless error.

The judgment of conviction is affirmed.

Thompson, Acting P. J., and Johnson, J., concurred.