[No. A044901. First Dist., Div. One. May 23, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER WASHINGTON, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for partial publication. The portions directed to be published follow.

COUNSEL

Lawrence A. Gibbs, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Martin S. Kaye and Blair W. Hoffman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

NEWSOM, J.—Appellant was convicted after a jury trial of possession for sale of cocaine (Health & Saf. Code, § 11351) and transportation of cocaine (Health & Saf. Code, § 11352). In a separate proceeding tried before the

same jury, forfeiture of $14,930 in cash seized from appellant at the time of his arrest was ordered. Appellant has filed appeals from both judgments.[1]

Appellant was arrested on October 16, 1987, by Officer David Helm of the Hayward Police Department Drug Task Force, who was "patrolling high drug traffic areas" in an unmarked vehicle with his partner, Officer Rick Gallia. At about 10 that evening, Officer Helm observed appellant exit the driver's side of his car, which was parked by the pumps at a gas station. As appellant walked toward the cashier's office, he was "staggering" and "very unsteady on his feet." From the cashier's booth, appellant walked to a nearby intersection, where he "appeared to be flagging people down." "He was talking and moving his arms about."

Officer Helm believed appellant might be under the influence of narcotics, so he approached and made contact. Appellant was "very hyperactive"; his pulse and speech rate were rapid; he had a "wide-eyed stare"; his pupils appeared "very dilated"; and he "constantly licked his lips." The officer concluded that appellant was under the influence of a "controlled stimulant," and arrested him.

Appellant was handcuffed and placed in the backseat of the patrol vehicle. On appellant's person was found a "pager." From under the driver's seat of appellant's car was seized a clear plastic baggie containing "approximately 14 grams" of a white powdery substance later determined to be cocaine. In the trunk of the car the officer discovered cash in the amount of $14,930, mostly in $20 bills or smaller denominations.

Appellant testified at trial that he did not know cocaine was in his vehicle. He had not driven the car for a few days before his arrest; it had been loaned to the brother of Michelle Gibson, with whom he lived in San Francisco. He is a commercial truck driver by occupation, and during the week drove his "White Freightliner" truck rather than his car. On the evening of his arrest, he had been at a family dinner at his sister's house in Union City. He was returning home around 9:30 p.m., when his pager sounded and he went to the gas station to make a telephone call. It was not unusual for him to receive "beeper calls" at night as part of his trucking business. He did not stagger, wave his arms, or otherwise engage in hyperactive behavior before his arrest. Appellant admitted ownership of the cash found in the trunk of his car, much of which, he claimed, was borrowed from his uncle to finance the purchase of a new truck.

---

[1] We granted appellant's motion to amend his notice of appeal to include the separate judgment in the forfeiture proceeding. Thus, this appeal is from both judgments.

Michelle Gibson confirmed that she loaned appellant's car to her brother a few days before appellant's arrest. She also testified that she called appellant "on his beeper" the night of his arrest. Appellant's uncle testified that in the early part of January 1987 he loaned appellant $10,000 in cash, which appellant intended to use it to buy a truck.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .*

■   Appellant's final contention is that, in the forfeiture proceeding, the trial court should have given, sua sponte, a unanimity instruction in the terms of CALJIC No. 17.01.[2] He argues that the jury may have found that his money was subject to forfeiture under Health and Safety Code section 11470 (hereafter section 11470)[3] "for any one of three distinct acts"; and that, therefore, he was entitled to a unanimity instruction to insure that the jurors agreed on the particular act comprising the offense for which forfeiture was ordered.

■   Where the evidence shows that several criminal acts may have been committed and the defendant is not charged separately with a violation of all those acts, the trial court is required, sua sponte, to instruct the jurors that they must unanimously agree beyond a reasonable doubt upon the particular act constituting the crime. (*People* v. *Diedrich* (1982) 31 Cal.3d 263, 280-281 [182 Cal.Rptr. 354, 643 P.2d 971]; *People* v. *Meyer* (1988) 197 Cal.App.3d 1307, 1310-1311 [243 Cal.Rptr. 533]; *People* v. *Gordon* (1985) 165 Cal.App.3d 839, 853 [212 Cal.Rptr. 174].) The purpose of this rule is to insure that all jurors agree beyond a reasonable doubt that one particular act or acts constitute the crime charged. (*People* v. *Parsons* (1984) 156 Cal.App.3d 1165, 1173 [203 Cal.Rptr. 412]; *People* v. *Deletto* (1983) 147 Cal.App.3d 458, 471-472 [195 Cal.Rptr. 233].) Without CALJIC No. 17.01, some jurors might believe the defendant committed one act, while other

---

*See footnote, *ante*, page 912.

[2]CALJIC No. 17.01 reads: "The defendant is accused of having committed the crime of _____ [in Count _____ ]. The prosecution has introduced evidence tending to prove that there is more than one [act] [or] [omission] upon which a conviction [on Count _____ ] may be based. Defendant may be found guilty if the proof shows beyond a reasonable doubt that [he] [she] committed any one or more of such [acts] [or] [omissions]. However, in order to return a verdict of guilty [to Count _____ ], all jurors must agree that [he] [she] committed the same [act] [or] [omission]. . . . It is not necessary that the particular [act] [or] [omission] agreed upon be stated in your verdict." CALJIC 4.71.5 is substantially similar. It states in relevant part that "in order to find the defendant guilty, you must unanimously agree upon the commission of the same specific act [or acts] constituting the crime . . . ."

[3]All further statutory references are to the Health and Safety Code unless otherwise indicated.

jurors base their verdict on another act, thereby violating the fundamental principle that a criminal conviction requires a unanimous jury verdict. (*People* v. *Wesley* (1986) 177 Cal.App.3d 397, 401 [223 Cal.Rptr. 9]; *People* v. *Deletto, supra,* 147 Cal.App.3d 458, 471.)

■■■ The Attorney General responds that the forfeiture proceeding against appellant under section 11470 was "civil in nature," and did not require juror unanimity. Respondent observes that only nine jurors were required to agree on the verdict, and unanimity as to the "exact legal theory of forfeiture" was not necessary. To address this issue, we must examine the nature of forfeiture proceedings.

The forfeiture proceeding against appellant was prosecuted as a separate civil action under section 11470 et seq. Subdivision (f) of section 11470, pursuant to which the order of forfeiture was obtained, includes within the items subject to forfeiture: "All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, or securities used or intended to be used to facilitate any violation [of enumerated controlled substance laws] . . . ." (*People* v. *Superior Court* (*Moraza*) (1989) 210 Cal.App.3d 592, 596 fn. 2 [258 Cal.Rptr. 499].) Section 11488.4 provides for filing of a petition of forfeiture by the district attorney of the county in which property subject to forfeiture has been seized. The forfeiture hearing must be "by jury, unless waived by consent of all parties." (§ 11488.5, subd. (c)(2).) Subdivision (e) of section 11488.5 states that the forfeiture hearing "shall be conducted in accordance with Sections 600 to 630, inclusive, of the *Code of Civil Procedure* if a trial by jury, and by Sections 631 to 636, inclusive, of the *Code of Civil Procedure* if by court."[4] (Italics added.)

Forfeiture is ordered "when, at the hearing, the state or local governmental entity has shown that the assets in question are subject to forfeiture pursuant to Section 11470, in accordance with the burden of proof set forth in subdivision (i) of section 11488.4." (§ 11488.5, subd. (d).) At the time appellant was arrested and tried, subdivision (i) of section 11488.4 required proof "beyond a reasonable doubt that the property for which forfeiture is sought meets the criteria for forfeiture described in subdivision (f) of Section 11470," (§ 11488.4, subd. (i)(2))[5] and made conviction of the underlying criminal offense a prerequisite to forfeiture. The current version of the

---

[4] Criminal proceedings, in contrast, are governed by Penal Code section 1042, and article I, section 7 of the California Constitution.

[5] Statutes 1987, chapter 1924, section 9, page 3109.

statute eliminates the conviction requirement, and demands proof "by a preponderance of the evidence that the property is subject to forfeiture as described in Section 11470." (§ 11488.4, subd. (i); see also *People* v. *Superior Court* (*Moraza*), *supra*, 210 Cal.App.3d 592, 597.)

The California forfeiture statutes do not provide for forfeiture as punishment for the underlying offense. The criminal charging document need not allege forfeiture; the forfeiture proceeding is initiated by a separate petition. (Cf. *U.S.* v. *Seifuddin* (9th Cir. 1987) 820 F.2d 1074, 1978.) The forfeiture hearing is conducted pursuant to civil rather than criminal rules of procedure. (§ 11488.5, subd. (e).)

By specifically referring to Code of Civil Procedure sections 600 to 630 to govern forfeiture proceedings (§ 11488.5, subd. (e))[6], the Legislature provided a clear indication that such proceedings are *civil* in nature. Juror unanimity is not required for a verdict of forfeiture; in civil actions, a verdict may be based upon agreement of only three-fourths of the jurors. (Code Civ. Proc., §§ 613, 618.) The trial court is given discretion to instruct the jury on its own motion under Code of Civil Procedure section 608, which provides: "In charging the jury, the court *may* state to them all matters of law which it thinks necessary for their information in giving their verdict . . . ." (Italics added.) In a civil case, "each of the parties must propose complete and comprehensive instructions in accordance with his theory of the litigation; if the parties do not do so, the court owes no duty to instruct on its own motion." (*Switzer* v. *State of California* (1969) 269 Cal.App.2d 627, 635 [75 Cal.Rptr. 371]; see also *Roberts* v. *City of Los Angeles* (1980) 109 Cal.App.3d 625, 635 [167 Cal.Rptr. 320]; *Gagosian* v. *Burdick's Television & Appliances* (1967) 254 Cal.App.2d 316, 318 [62 Cal.Rptr. 70].) Only the complete failure to instruct properly on a basic issue may constitute reversible error. (See *Lysick* v. *Walcom* (1968) 258 Cal.App.2d 136, 157 [65 Cal.Rptr. 406, 28 A.L.R.3d 368]; *Thomas* v. *Buttress & McClellan, Inc.* (1956) 141 Cal.App.2d 812, 819 [297 P.2d 768]; 7 Witkin, Cal. Procedure (3d ed. 1985) Trial, § 243, pp. 249-250.)

We accordingly conclude that the trial court did not commit prejudicial error by failing to give CALJIC No. 17.01 on its own motion in the civil forfeiture action.

---

[6] Sections 600 through 605 of the Code of Civil Procedure were repealed in 1988, although section 11488.5, subdivision (e) still refers to sections "600 to 630."

The judgments are affirmed.

Racanelli, P. J., and Stein, J., concurred.