174 Cal.App.4th 629 (2009)
___ Cal.Rptr.3d ___
THE PEOPLE, Plaintiff and Respondent,
v.
$10,153.38 UNITED STATES CURRENCY, Defendant and Appellant.
No. B205875.
Court of Appeals of California, Second District, Division Three.
May 29, 2009.
*631 John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Victoria B. Wilson and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
KLEIN, P. J.
Cyrus Cardan appeals the judgment entered in favor of the People in connection with forfeiture proceedings under Health and Safety Code section 11470 et seq. related to $10,153.38 seized by the Los Angeles Police Department at the time of Cardan's arrest for possession for sale of cocaine base and marijuana in violation of Health and Safety Code sections 11351.5 and 11359.[1]
(1) We conclude the People's failure to bring the forfeiture matter to trial in connection with the criminal proceedings, as was their burden, precludes entry of judgment in their favor. Consequently, we reverse and remand for further proceedings.

BACKGROUND

1. Facts and procedure.

On January 21, 2003, City of Los Angeles police officers arrested Cardan in the hotel room where he resided and charged him with possession for sale of cocaine base and marijuana. (§§ 11351.5, 11359.) The officers seized 150 grams of cocaine base, 400 grams of marijuana and $10,153.38.
On March 3, 2003, while Cardan was in custody awaiting trial, the People served Cardan notice of the right to oppose forfeiture proceedings and a blank claim opposing forfeiture of the seized funds. (See § 11488.4, subd. (c).) Cardan completed the claim and returned it. As a result, the People were unable to process the forfeiture proceedings as an administrative matter. (See § 11488.4, subd. (j) [permitting administrative forfeiture of amounts less than $25,000 unless a claim opposing forfeiture is filed].)
*632 On March 11, 2003, the People filed a petition of forfeiture, which alleged the funds were the proceeds of narcotics trafficking within the meaning of section 11470, subdivision (f).
Cardan's criminal case went to jury trial in September of 2003. The People's evidence adduced at trial indicated Cardan sold narcotics from his hotel room. Cardan's defense was that he sold candy, cigarettes and soda from his hotel room and the money seized by the police was the proceeds of those sales, not drug sales. Cardan was convicted as charged and was sentenced to prison on December 4, 2003. This court affirmed Cardan's conviction. (People v. Cardan (Feb. 28, 2005, B171861) [nonpub. opn.].)[2]
The matter remained dormant until May 17, 2006, when the People served requests for admission (RFA's) on Cardan. These RFA's asked Cardan to admit he had abandoned the claim opposing forfeiture of the funds and that this abandonment constituted a waiver of any interest in the funds.
Cardan responded within 30 days but did not respond as contemplated by Code of Civil Procedure section 2033.210 et seq. Instead, on June 7, 2006, Cardan filed a "Petition for Return of Property." Cardan's petition alleged the $10,153.38 was seized based on a search warrant issued on false statements. The petition also asserted a portion of the seized funds was a coin collection. The petition noted the forfeiture issue was not tried with Cardan's criminal case and also asserted the one-year statute of limitations for filing a petition of forfeiture had expired. Cardan served the petition on the deputy district attorney who propounded the RFA's, along with a letter dated June 1, 2006, which made a separate request for return of the property plus interest.

2. The RFA's are deemed admitted and summary judgment is granted in favor of the People.

The People filed a motion for an order deeming the RFA's admitted based on Cardan's failure to respond as contemplated by Code of Civil Procedure section 2033.210 et seq.
Cardan filed opposition in which he noted the People failed to prosecute the forfeiture action during or after the jury trial in 2003. Cardan also argued the People failed to effect personal service of the petition of forfeiture before the statute of limitations expired.
At the hearing on the motion, the prosecutor argued Cardan had not responded to the RFA's as required by the Code Civil Procedure and the *633 People believed the trial court was required to deem the requests admitted to enable the People to file a motion for summary judgment. The trial court took the matter under submission and thereafter granted the motion.
The People subsequently filed a motion for summary judgment. The trial court conducted a hearing and thereafter granted the motion. This appeal followed.

CONTENTIONS
Cardan contends reversal is required because the forfeiture action was not tried with the underlying criminal offense as required by section 11488.4, subdivision (i)(3), (5). Cardan further contends the RFA's should not have been deemed admitted because Cardan substantially responded.

DISCUSSION

1. Relevant law.

(2) The procedure for the forfeiture of property connected with unlawful drug transactions appears in sections 11470 through 11489. Moneys, negotiable instruments, securities, or other things of value which are the proceeds of a drug transaction or are used to facilitate the violation of controlled substance laws are subject to forfeiture. (§ 11470, subd. (f).)
(3) Section 11488.4, subdivision (a), requires the district attorney to file a petition of forfeiture with the superior court of the county in which the defendant has been charged with the underlying criminal offense "as soon as practicable, but in any case within one year of the seizure of the property which is subject to forfeiture . . . ." (§ 11488.4, subd. (a).) Thereafter, the burden is on the government to prove the property is subject to forfeiture. (§ 11488.4, subd. (i).)
The right to jury trial is mentioned twice in section 11488.4. Subdivision (i)(3) of section 11488.4 states "the issue of forfeiture shall be tried before the same jury [that tried the underlying criminal action], if the trial was by jury, or tried before the same court, if trial was by court, unless waived by all parties. The issue of forfeiture shall be bifurcated from the criminal trial and tried after conviction unless waived by all the parties." (§ 11488.4, subd. (i)(3).)
Subdivision (i)(5) of section 11488.4, provides: "If there is an underlying or related criminal action, and a criminal conviction is required before a *634 judgment of forfeiture may be entered, the issue of forfeiture shall be tried in conjunction therewith. Trial shall be by jury unless waived by all parties. . . ." (§ 11488.4, subd. (i)(5).)

2. The failure to try the forfeiture action in conjunction with the criminal case, or to obtain a waiver of the right to jury trial, precludes entry of summary judgment in favor of the People.

Cardan contends reversal is required because the forfeiture action was not tried with the underlying criminal offense, as required by section 11488.4, subdivision (i)(3), (5).
(4) We agree. A forfeiture action must be tried in conjunction with the criminal case by the same finder of fact that tried the criminal case. (People v. Prince (1996) 43 Cal.App.4th 1174, 1177, fn. 2 [51 Cal.Rptr.2d 138]; People v. Washington (1990) 220 Cal.App.3d 912, 916 [269 Cal.Rptr. 668].) The People did not bring the forfeiture action to trial as was their burden. (§11488.4, subd. (i)(2) ["the state or local governmental entity shall have the burden of proving beyond a reasonable doubt that the property for which forfeiture is sought meets the criteria for forfeiture"].)
The People argue trial of the forfeiture proceedings may be waived and Cardan has not shown he did not waive the right to have the forfeiture proceeding tried before the same jury that tried his narcotics case. (§ 11488.4, subd. (i)(3), (5).)
(5) We agree the statute specifically provides for waiver of jury trial. However, neither the record before this court in this case nor the record on appeal in People v. Cardan, supra, B171861 shows waiver of jury trial by either party. (See fn. 3, ante.) Further, the People bear the burden of proof and they failed to prosecute the forfeiture action at the time of the criminal trial. (People v. Ten $500 etc. Traveler's Checks (1993) 16 Cal.App.4th 475, 478-480 [20 Cal.Rptr.2d 128].) "[N]otwithstanding the strong governmental interest in stemming illegal drug transactions, forfeiture statutes are disfavored and must be construed strictly in favor of the owner of the property. [Citations.]" (Id. at p. 479.) Given the strict construction of forfeiture statutes in favor of the person against whom forfeiture is sought, waiver of the statutory requirement must be affirmatively shown or at least inferable from the circumstances. Here, the record is silent. As a result, no waiver of the right to jury trial may fairly be implied.
The People assert the maxim that forfeiture is disfavored cannot be used to subvert the plain language of a forfeiture law. (Mundy v. Superior Court (1995) 31 Cal.App.4th 1396, 1404 [37 Cal.Rptr.2d 568].) However, we perceive no subversion of the intent of the statute in the instant result. The People failed to proceed as required by the forfeiture statute.

*635 3. The circumstances do not show a waiver of the right to jury trial.

The People argue the record suggests Cardan has waived the right to jury trial of the forfeiture action. The People note Cardan's due process rights were protected because he was given notice of the amount of the forfeiture and was given an opportunity to contest that amount, citing People v. Brach (2002) 95 Cal.App.4th 571, 579 [115 Cal.Rptr.2d 753]. However, Brach does not assist the People's argument. In Brach, the trial court imposed the costs of eradication under section 11470.1, subdivision (a) as a condition of probation even though the prosecutor failed to file a petition for payment of eradication expenses or have the matter heard promptly after conviction "before the same jury or before a new jury in the discretion of the court, unless waived by the consent of all parties." (§ 11470.2, subd. (d).) Brach concluded the defendants waived their statutory rights by failing to assert them in the trial court, citing People v. Scott (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040], and People v. Welch (1993) 5 Cal.4th 228, 235 [19 Cal.Rptr.2d 520, 851 P.2d 802].
Brach is a case in which a waiver of the right to jury trial may be inferred from the record based on the failure of the defendants to object when the trial court imposed costs of eradication. In this case, the trial court made no order of forfeiture of the property without objection from Cardan. Thus, Brach is inapt.

4. Criminal conviction by jury does not waive forfeiture requirements.

Finally, we address an argument not raised by the People, namely, whether any error in the failure to have the same jury determine the forfeiture issue was harmless based on the fact the jury convicted Cardan in the underlying criminal matter. In considering this point, we note the statute specifically directs "[t]he issue of forfeiture shall be bifurcated from the criminal trial and tried after conviction unless waived by all the parties." (§ 11488.4, subd. (i)(3).) Thus, conviction in the criminal matter does not resolve the matter. Rather, the statute contemplates a criminal conviction before commencement of the forfeiture trial. Under these circumstances, and absent an admission the funds were related to the sale of drugs (see People v. 25651 Minoa Dr. (1992) 2 Cal.App.4th 787, 798-799 [3 Cal.Rptr.2d 577]), Cardan's conviction in the underlying criminal matter does not resolve the forfeiture matter.

5. Conclusion.

In sum, we conclude that, absent a resolution of the forfeiture issue by jury or waiver of the right to jury, the People have failed to bring the matter to trial in compliance with applicable statutory provisions. Consequently, entry of summary judgment in the People's favor must be reversed.
*636 We acknowledge that our resolution of the present dispute makes no disposition of the funds at issue. Therefore, the matter will be remanded for further proceedings to resolve this question.

DISPOSITION
The judgment is reversed and the matter is remanded for further proceedings not inconsistent with the views expressed herein.
Croskey, J., and Kitching, J., concurred.
NOTES
[1] Subsequent unspecified statutory references are to the Health and Safety Code.
[2] This court, on its own motion, has reviewed the record on appeal in B171861. It makes no reference to the forfeiture proceedings.