Filed 9/14/15  P. v. Lipscomb CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SANDRA LIPSCOMB,<br><br>    Defendant and Appellant. | 2d Crim. No. B255750<br>(Super. Ct. No. BA417435-01)<br>(Los Angeles County)<br><br>OPINION ON REMAND FROM<br>SUPREME COURT |

Sandra Lipscomb appeals a judgment following conviction of second degree robbery, with a finding that she served three prior prison terms.  (Pen. Code, §§ 211, 667.5, subd. (b).)[1]  We affirm.

*FACTUAL AND PROCEDURAL HISTORY*

In the evening of October 16, 2013, Steven Bowser, a uniformed security officer at CVS Pharmacy, observed Lipscomb enter the pharmacy.  Lipscomb wore a loose sweater, carried an empty bag, and accompanied an unidentified man.  Denise Ruvacalva, the pharmacy loss prevention officer, saw Lipscomb take "a handful" of lipsticks from the cosmetics shelf without checking the lipstick color or price.  Ruvacalva believed that Lipscomb's clothing and behavior were suspicious.

Lipscomb walked to another aisle where she and her male companion removed the security stickers from the lipsticks.  Ruvacalva saw Lipscomb conceal the

---

[1] All further statutory references are to the Penal Code unless stated otherwise.

lipsticks in her sweater pocket and bag. Lipscomb and the man then selected soda and ice cream from the store coolers and walked to the front cash registers.

As they approached the registers, Lipscomb left several lipsticks in a bin near the registers. She and the man then paid for soda and ice cream and left the pharmacy.

As Lipscomb and the man walked outside, Ruvacalva and Bowser approached. Ruvacalva identified herself as the pharmacy loss prevention officer, and she demanded that Lipscomb return the unpaid merchandise. Lipscomb responded that she "put it back." Ruvacalva demanded that Lipscomb return to the pharmacy and "show [them] what [she] took." Lipscomb replied that she did not "have anything." The man stated: "[T]hey can't put their hands on you. They can't do anything. Let's go."

Ruvacalva then took Lipscomb's bag, stating, "[G]ive me the merchandise." In response, Lipscomb grabbed Ruvacalva's hair and struck her repeatedly with a closed fist. Bowser asked Lipscomb's companion to assist in stopping the altercation, but he refused. Coincidentally, Los Angeles Police Officer Jose Salazar was driving by and saw the two women fighting in the street. When he stopped his patrol vehicle, Lipscomb dropped her bag and a lipstick, and she and the man ran away.

Salazar pursued Lipscomb and found her hiding between parked cars. Her bag contained six new packets of "Crazy Glue" and a lipstick, items all later identified as unpaid CVS merchandise. The CVS computer indicated that the store contained Crazy Glue packets in stock, but the shelf area that contained the Crazy Glue packets was empty.

At trial, the prosecutor played a video captured by the CVS security cameras depicting Lipscomb's actions inside the pharmacy that evening.

The jury convicted Lipscomb of second degree robbery. (§ 211.) In a separate proceeding, she admitted serving three prior prison terms within the meaning of section 667.5, subdivision (b). The trial court sentenced her to a prison term of three years for the robbery conviction plus three years for the three prior prison terms served. The court also imposed a $300 restitution fine, a $300 parole revocation restitution fine (stayed), a $40 court security fee, and a $30 criminal conviction fee, and it awarded

Lipscomb 152 days of presentence custody credit. (§§ 1202.4, subd. (b), 1202.45, 1465.8, subd. (a)(1); Gov. Code, § 70373.)

Lipscomb appeals and contends that the trial court erred by not instructing regarding jury unanimity. (CALCRIM No. 3500.)

## DISCUSSION

Lipscomb argues that the trial court committed reversible error by not instructing with CALRIM No. 3500, because the prosecutor presented evidence of two distinct and separate criminal acts -- the taking of Crazy Glue packets and a lipstick. She relies upon *People v. Davis* (2005) 36 Cal.4th 510, 562 [prosecutor presented evidence of two separate robberies; defendant had "entirely different" defenses regarding each robbery], and *People v. Hernandez* (2013) 217 Cal.App.4th 559, 562-563 [prosecutor presented evidence of two distinct acts of firearm possession separated by time and space]. Lipscomb points out that Ruvacalva did not observe her taking the Crazy Glue packets.

Pursuant to the federal and California Constitutions, a jury verdict in a criminal prosecution must be unanimous. (*People v. Russo* (2001) 25 Cal.4th 1124, 1132.) In addition, the jury must unanimously agree that the defendant is guilty of a *specific* crime. (*Ibid.*) If the evidence suggests that the defendant may have committed more than one discrete crime, either the prosecutor must elect among the crimes or the court must instruct jurors to agree that the defendant committed the same criminal act. (*Ibid.*)

A unanimity instruction is not required, however, when the alleged acts are so closely connected as to form part of one transaction. (*People v. Williams* (2013) 56 Cal.4th 630, 682.) The "continuous conduct" rule applies when the defendant offers the same defense to each of the acts and there is no reasonable basis to distinguish between them. (*Ibid.* [defendant's acts of attempted robbery and robbery occurred close in time and he presented defense that he was not present at the crime scene].) The key to determining whether a unanimity instruction is required depends upon the instruction's purpose. The instruction is appropriate when conviction on a single count could rest on two or more discrete criminal events, but not where multiple theories or acts may form the basis of a

guilty verdict on one discrete criminal event. (*People v. Hajek* (2014) 58 Cal.4th 1144, 1221.)

The trial court did not err by not instructing sua sponte regarding unanimity because Lipscomb's acts in taking the lipstick and the Crazy Glue packets were so closely connected as to form part of one transaction. (*People v. Curry* (2007) 158 Cal.App.4th 766, 782 [no unanimity instruction required where the taking of victim's shoes and phone occurred almost simultaneously].) The acts occurred within 20 minutes at the same CVS pharmacy. Moreover, Lipscomb "merely put the People to their proof" and did not present a defense to either act. (*People v. Parsons* (1984) 156 Cal.App.3d 1165, 1174.) The continuous conduct rule applies here because Lipscomb did not offer a separate defense to each act. There is also no reasonable basis for the jury to distinguish between the two thefts. (*People v. Williams*, *supra*, 56 Cal.4th 630, 682.)

*People v. Hernandez*, *supra*, 217 Cal.App.4th 559, does not assist Lipscomb. *Hernandez* involved two separate and distinct acts of firearm possession: the first act where defendant fired a firearm at his girlfriend's house, and the second where a police officer later discovered a loaded firearm in defendant's vehicle. (*Id.* at pp. 563-566.) The reviewing court concluded that the trial court erred by not instructing regarding unanimity because the two possessions were "separated by time and space," and the defendant presented different defenses to each charge. (*Id.* at p. 574.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.

We concur:


YEGAN, J.


PERREN, J.

4

Drew E. Edwards, Judge

Superior Court County of Los Angeles

_____

Michelle T. Livecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb, Supervising Deputy Attorney General, Jonathan M. Krauss, Deputy Attorney General, for Plaintiff and Respondent.