[No. H021820. Sixth Dist. Nov. 14, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
MACIEJ ANDRZEJ MADEYSKI, Defendant and Appellant.

## COUNSEL

Jeffrey A. Schafer, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Catherine A. Rivlin and Gregg Zywicke, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MIHARA, J.**—Defendant Maciej Andrzej Madeyski purports to appeal from an order forfeiting certain items of computer-related equipment.[1] He contends his federal constitutional rights were abridged by the denial of his right to have appointed counsel, the denial of his right to a jury trial, and by failing to have the facts justifying forfeiture proved beyond a reasonable doubt. We affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

The factual basis for defendant's offenses is undisputed. Defendant was formerly employed as a network administrator at Intellisys. His duties included the purchase of computers and related equipment. Without informing Intellisys of his financial interest, defendant purchased equipment on his own and resold it to Intellisys at a markup. After defendant no longer worked for Intellisys, he still had several system administrator passwords, one of which allowed him to move through the entire Intellisys system. Defendant intruded into the Intellisys computer network on two occasions, which resulted in the network being shut down.

On August 6, 1999, defendant pleaded no contest to one count of grand theft, one count of extortion, and two counts of disrupting computing services. (Pen. Code,[2] §§ 484-487, subd. (a), 518-520, 502, subd. (c)(5).) Defendant was sentenced to state prison for three years and no appeal was taken from the judgment.

On December 13, 1999, defendant filed a motion for return of property. Thereafter, the People moved for forfeiture of the same property pursuant to section 502.01. On May 30, 2000, the court ordered that certain items of property be forfeited or destroyed, and that the remaining items be released to defendant's wife. This appeal followed.

### DISCUSSION

*Right to Counsel*

■ At the forfeiture hearing, the court stated its belief that defendant was not entitled to court-appointed counsel, since the hearing was civil in

---

[1]Defendant filed his notice of appeal in propria persona. The notice states he is appealing "the judgment and sentence imposed on May 30, 2000." However, the judgment and sentence were imposed on September 28, 1999. An order of forfeiture was entered on May 30, 2000. In the interests of judicial economy, we treat the order as an appealable judgment. (See *Allabach v. Santa Clara County Fair Assn.* (1996) 46 Cal.App.4th 1007, 1011 [54 Cal.Rptr.2d 330].)

[2]All statutory references are to the Penal Code.

nature. It then asked defendant whether he was interested in hiring counsel. Defendant responded that he would represent himself. On appeal, defendant contends he had a federal constitutional right to counsel at the section 502.01 forfeiture proceeding. We disagree.

As this court has previously observed, "California has recognized a number of situations in which an indigent litigant will be entitled to have counsel appointed. The most obvious example is that of an indigent criminal defendant. . . . In other cases the entitlement has been declared as a matter of procedural due process . . . , or established by statute, or both." (*County of Santa Clara v. Superior Court* (1992) 2 Cal.App.4th 1686, 1692 [5 Cal.Rptr.2d 7], citations and fn. omitted.) As a general rule, however, there is no due process right to counsel in civil cases. (*People v. $30,000 United States Currency* (1995) 35 Cal.App.4th 936, 942 [41 Cal.Rptr.2d 748].)

Defendant takes the position that a section 502.01 proceeding is criminal in nature, and thus evokes the right to counsel. The position is untenable.

In *United States v. Ursery* (1996) 518 U.S. 267 [116 S.Ct. 2135, 135 L.Ed.2d 549], the United States Supreme Court considered the relationship between punishment and civil forfeiture, holding that the double jeopardy clause of the Fifth Amendment of the United States Constitution did not preclude "the Government from both punishing a defendant for a criminal offense and forfeiting his property for that same offense in a separate civil proceeding." (*Id.* at p. 270 [116 S.Ct. at p. 2138].) "The high court held that, unlike an in personam penalty such as a fine that may constitute punishment, the in rem civil forfeiture of property there at issue never has been considered punitive within the meaning of the double jeopardy clause. The court examined the history of in rem civil forfeitures and observed that, from the earliest times, such forfeitures have been allowed in addition to any related criminal penalties. Ultimately, the court employed a two-part test, asking whether Congress intended the forfeiture proceedings to be criminal or civil, and then considering 'whether the proceedings are so punitive in fact as to "persuade us that the forfeiture proceeding[s] may not legitimately be viewed as civil in nature," despite Congress' intent. . . .' . . . Employing this test, the court upheld the civil in rem forfeiture in that case, stating: '[*I*]*n rem* civil forfeiture is a remedial civil sanction, distinct from potentially punitive *in personam* civil penalties such as fines, and does not constitute a punishment under the Double Jeopardy Clause.' " (*People v. Castellanos* (1999) 21 Cal.4th 785, 794 [88 Cal.Rptr.2d 346, 982 P.2d 211].)

■ Thus, in assessing whether a statute imposes punishment, we inquire (1) whether the Legislature intended the sanction to be punitive and, if not,

(2) whether the sanction is so punitive in effect as to prevent the court from legitimately viewing it as regulatory or civil in nature. (*People v. Rivera* (1998) 65 Cal.App.4th 705, 709 [76 Cal.Rptr.2d 703].)

 In addition to section 502.01, there are multiple statutes that authorize the forfeiture or destruction of property upon conviction. (See, e.g., Pen. Code, §§ 245.3, 312, 480, 527, 597, subd. (f)(1), 597.1, subd. (k), 599aa, 12028; Fish & Game Code, §§ 12157, 12159.5, 12161, 12164; Health & Saf. Code, § 11470.) Cases that have considered the issue have found that forfeiture proceedings under these statues are civil in nature. (See, e.g., *People v. Blue Chevrolet Astro* (2000) 83 Cal.App.4th 322, 324 [construing Pen. Code, § 599aa to be a civil in rem forfeiture]; *People v. $4,413 U.S. Currency* (1996) 47 Cal.App.4th 1631, 1638 [55 Cal.Rptr.2d 831] [finding former Health & Saf. Code, § 11488.4 a civil forfeiture proceeding]; *People v. 25651 Minoa Dr.* (1992) 2 Cal.App.4th 787, 790-791 [3 Cal.Rptr.2d 577] [Health & Saf. Code, § 11470 is a civil proceeding].)

In *People v. $30,000 United States Currency, supra,* 25 Cal.App.4th 936, the defendant appealed from a judgment ordering the forfeiture of $30,000 in United States currency seized from a vehicle located in the backyard of the defendant's house during a search for suspected marijuana. In that appeal, as in the case at bench, the defendant argued that he was entitled to appointed counsel, and the court's failure to appoint counsel required reversal of the judgment. The Court of Appeal rejected that argument, holding that an indigent party to a forfeiture proceeding does not have the right to appointed counsel since forfeiture proceedings are considered to be civil, in rem proceedings. (*Id.* at pp. 942-943.)

Defendant contends that rather than consider forfeiture to be a civil proceeding as in *People v. $30,000 United States Currency, supra,* 25 Cal.App.4th 936, we should construe the forfeiture proceeding in this case to be a criminal proceeding pursuant to section 186.2 et seq. We disagree.

Section 186.2 is part of the California Control of Profits of Organized Crime Act (Act). (§ 186 et seq.) Section 186.1, part of the Act, provides: "The Legislature hereby finds and declares that an effective means of punishing and deterring criminal activities of organized crime is through the forfeiture of profits acquired and accumulated as a result of such criminal activities. It is the intent of the Legislature that the 'California Control of Profits of Organized Crime Act' be used by prosecutors to punish and deter only such activities." Such language clearly indicates the Legislature's intent to make forfeiture proceedings under the Act criminal in nature. No such intent is indicated in section 502.01.

Defendant also contends that the forfeiture in section 502.01 is at least analogous to the restitution fine in section 1202.4, since both are part of a criminal proceeding. We again disagree. The Legislature has drafted section 1202.4 so as to make a restitution fine imposed pursuant to the statute a "penalty," and thus a form of punishment. (See § 1202.4, subd. (a)(2); *People v. Hanson* (2000) 23 Cal.4th 355, 361 [97 Cal.Rptr.2d 58, 1 P.3d 650].)

In conclusion, we find a section 502.01 forfeiture proceeding is a civil, not criminal, proceeding. Thus, defendant had no right to court-appointed counsel. Accordingly, there was no error in the court's failing to obtain a knowing and intelligent waiver of the right to counsel, and in not advising defendant of the dangers of self-representation. For the same reason defendant was not denied his right to a trial by jury or to have the facts justifying forfeiture of his property proved beyond a reasonable doubt.

## DISPOSITION

The judgment is affirmed.

Premo, Acting P. J., and Elia, J., concurred.

A petition for a rehearing was denied December 13, 2001, and appellant's petition for review by the Supreme Court was denied February 20, 2002.