[No. H028795. Sixth Dist. Sept. 11, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
$17,522.08 UNITED STATES CURRENCY et al., Defendants;
ESTELLA PIERCE, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II. A.

**COUNSEL**

Mark T. Clausen and Steven Bidd for Defendant and Appellant.

Dean D. Flippo, District Attorney, and Pamela L. Ham, Deputy District Attorney, for Plaintiff and Respondent.

**OPINION**

**BAMATTRE-MANOUKIAN, Acting P. J.**—In this civil forfeiture proceeding under Health and Safety Code section 11469 et seq.,[1] we consider whether a claimant must be expressly informed of and expressly waive on the record his or her constitutional and statutory right to a jury trial. Appellant

---

[1] Further unspecified statutory references are to the Health and Safety Code.

Estella Pierce, who represented herself throughout the forfeiture proceedings at issue in this case, contends that the judgment of forfeiture must be reversed as the record is silent as to whether she knowingly waived her right to a jury trial or gave informed consent to a court trial. Appellant also contends that the almost six-month delay between the seizure of the property and cash at issue and the filing of the petition of forfeiture violated her Fourth Amendment and due process rights.

In the unpublished portion of this opinion we find that because appellant had the ability and opportunity to seek prompt post-seizure, pretrial judicial review of the probable cause warranting the forfeiture, and she did not raise the filing-delay issue below, appellant has not shown a denial of her Fourth Amendment or due process rights. In the published portion of the opinion we find that a claimant's failure to request a jury trial or to post the requisite fees constitutes an implied waiver of the constitutional and statutory right to a jury trial in a civil forfeiture proceeding. Accordingly, we will affirm the judgment.

## I. BACKGROUND

On appeal, appellant does not dispute the sufficiency of the evidence supporting the judgment of forfeiture. The record on appeal discloses the following.

In May 2003, Anthony Urquides was convicted of possession of methamphetamine for sale (§ 11378). Urquides is appellant's son, and he and his girlfriend Veronica Valdez lived with appellant in a rented house in Salinas. On May 14, 2004, officers served a search warrant on the home based on information that Urquides was engaged in the sale of methamphetamine out of the home. Appellant opened the door of the home and allowed the officers to enter. In her bedroom, in a pocket of some clothes hanging in the closet, officers found a small purse containing a methamphetamine pipe. Appellant was cited for and later convicted of a violation of section 11364 (possession of drug paraphernalia).[2]

During the search, officers found Urquides and Valdez in a locked bedroom that also contained $6,920 in cash, a new Sony Vaio computer and printer, computer cables running to an outside surveillance camera, a new 52-inch Panasonic HDTV with surround sound speakers, a radio scanner, a loaded handgun, a digital electronic scale with methamphetamine residue, a bindle of

---

[2] Appellant also has a 1999 conviction for perjury (Pen. Code, § 118).

methamphetamine, and plastic sandwich baggies. Receipts found in the bedroom showed recent cash purchases by Urquides of the HDTV, the computer and its peripherals, although Urquides admitted that he had not had full-time work since his May 2003 conviction. Officers arrested Urquides for drug trafficking and seized the cash, handgun, HDTV, computer, and surveillance camera.

Officers also seized a GMC Yukon registered to appellant that was parked in front of the home. Officers had observed Urquides driving the Yukon during suspected drug trafficking. At the time it was seized the Yukon contained a new DVD entertainment system with five viewing screens. Receipts in Urquides's name for cash purchases of the DVD system and its installation, as well as for new wheels and tires and an alarm for the Yukon were also found in the vehicle. A few days later, pursuant to a separate search warrant, officers seized several bank accounts totaling $17,522.08 that listed Urquides as the only account owner. A review of the history of the accounts showed that Urquides had deposited over $48,000 in cash into the accounts since January 2004, and that he had withdrawn large amounts in order to purchase the electronic items and to pay down the loan on the Yukon.

On June 4, 2004, appellant, Urquides and Valdez submitted separate and conflicting claims for return of the seized property and cash. On September 30, 2004, Urquides pleaded guilty to drug and weapon possession offenses arising from the search of the home. He was sentenced on November 4, 2004, to three years in state prison. Following unsuccessful attempts to informally resolve the conflicting claims for return of the seized property, the district attorney filed three separate petitions for forfeiture pursuant to section 11488.4 on November 5, 2004.

On December 1, 2004, appellant filed an application to release the seized property. On January 21, 2005, the district attorney and appellant appeared and informed the court that they had been unable to resolve the matter. The court set the matter for a court trial on March 30, 2005. On February 14, 2005, the district attorney filed a motion for consolidation of appellant's forfeiture action with the other pending actions, and for a continuance. On February 25, 2005, the district attorney and appellant appeared and addressed the court. Appellant did not oppose the motion for consolidation and the district attorney withdrew the request for a continuance. The court granted the motion to consolidate, and set all matters for a court trial on March 30, 2005. The formal order granting the motion for consolidation was signed and filed on March 26, 2005.

At the hearing on March 30, 2005, the attorney who prosecuted Urquides on the 2004 charges testified that Urquides waived all claims to the seized cash and property as part of his negotiated plea agreement. Valdez testified that she traded in her vehicle as a down payment on the Yukon. Valdez also testified that while she lived with appellant and Urquides, she and appellant went to the flea market on weekends and sold some of their household items, such as clothes and furniture. They also purchased items at the swap meet and at garage sales to resell. Appellant wanted to purchase a home, and they could make $300 a day selling items at the flea market. Appellant testified that since 2002 she has been saving money to buy a house by selling items at the flea market. She has saved roughly $50,000, and kept it all at home so she would not have to pay taxes on it. She recently asked Urquides to put some of the money in the bank under his name in order to show that she could afford to buy a home. He did not read the documents they gave him when the account was opened and therefore signed his name as the only signatory on the account. She was with Urquides when he bought the electronics, and it was her money he used even though the receipts are in his name. Appellant claimed that everything in the home that the officers seized belonged to her.

On April 6, 2005, the court found that the district attorney had carried his burden of establishing that the cash and property at issue were seized because they were purchased by or used in the furtherance of drug transactions. (See § 11488.5, subd. (d)(1).) The judgment of forfeiture was filed April 15, 2005.

## II. DISCUSSION

### A. *Filing delay**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### B. *Denial of right to jury trial*

Appellant contends that the judgment of forfeiture must be reversed because she did not knowingly waive her right to a jury trial or give informed consent to a court trial. The Attorney General does not dispute that appellant never formally waived her right to a jury trial, but contends that appellant waived that right by failing to assert it below.

■ "A forfeiture proceeding is a civil in rem action in which property is considered the defendant, on the fiction that the property is the guilty party. [Citations.] Statutes imposing forfeitures are disfavored and are to be ' "strictly construed in favor of the persons against whom they are sought to

---

*See footnote, *ante*, page 1076.

be imposed." [Citation.]' [Citation.] [¶] A claimant has both a statutory and a California constitutional right to a jury trial [in] civil in rem forfeiture proceedings. [Citations.]" (*People v. Superior Court* (*Plascencia*) (2002) 103 Cal.App.4th 409, 418 [126 Cal.Rptr.2d 793].)

"Trial by jury is an inviolate right and shall be secured to all, but in a civil cause three-fourths of the jury may render a verdict. A jury may be waived in a criminal cause by the consent of both parties expressed in open court by the defendant and the defendant's counsel. In a civil cause a jury may be waived by the consent of the parties expressed as prescribed by statute." (Cal. Const., art. I, § 16.)

Code of Civil Procedure section 631, subdivision (a) states: "The right to a trial by jury as declared by Section 16 of Article I of the California Constitution shall be preserved to the parties inviolate. In civil cases, a jury may only be waived pursuant to subdivision (d)." Subdivision (d) of Code of Civil Procedure section 631 states: "A party waives trial by jury in any of the following ways: [¶] (1) By failing to appear at the trial. [¶] (2) By written consent filed with the clerk or judge. [¶] (3) By oral consent, in open court, entered in the minutes. [¶] (4) By failing to announce that a jury is required, at the time the cause is first set for trial, if it is set upon notice or stipulation, or within five days after notice of setting if it is set without notice or stipulation. [¶] (5) By failing to deposit with the clerk, or judge, advance jury fees as provided in subdivision (b). [¶] (6) By failing to deposit with the clerk or judge, at the beginning of the second and each succeeding day's session, the sum provided in subdivision (c)."

Section 11488.5 provides that, when a person claims an interest in property seized pursuant to section 11488, "the forfeiture proceeding shall be set for [a] hearing . . . ." (§ 11488.5, subd. (c)(1).) "The hearing shall be by jury, unless waived by consent of all parties." (*Id.*, subd. (c)(2).) "The provisions of the Code of Civil Procedure shall apply to proceedings under this chapter unless otherwise inconsistent with the provisions or procedures set forth in this chapter. However, . . . the issues shall be limited strictly to the questions related to this chapter." (*Id.*, subd. (c)(3).)

Appellant contends that the provisions of Code of Civil Procedure section 631 do not apply to civil forfeiture proceedings because they are inconsistent with the provisions of section 11488.5, subdivision (c)(2), which require that the forfeiture hearing shall be by a jury, unless waived by consent of all parties. (See § 11488.5, subd. (c)(3).) We understand appellant's argument to be that "consent" in section 11488.5, subdivision (c)(2), means "informed consent" and thus unless there was a "knowing waiver" of the right to jury trial by either written consent filed with the court (see Code Civ. Proc., § 631,

subd. (d)(2)), or oral consent in open court (see *id.*, subd. (d)(3)) as in criminal proceedings (see *People v. Collins* (2001) 26 Cal.4th 297, 304–305 [109 Cal.Rptr.2d 836, 27 P.3d 726]; *Brady v. United States* (1970) 397 U.S. 742, 748 [25 L.Ed.2d 747, 90 S.Ct. 1463]), the issue of whether there was a waiver should be resolved in favor of preserving a claimant's right to jury trial in forfeiture proceedings. (See *People v. Superior Court (Plascencia)*, *supra*, 103 Cal.App.4th at p. 429.)

■ Historically, in rem civil forfeitures are remedial civil sanctions. (*People v. Castellanos* (1999) 21 Cal.4th 785, 794 [88 Cal.Rptr.2d 346, 982 P.2d 211]; *United States v. Ursery* (1996) 518 U.S. 267, 278 [135 L.Ed.2d 549, 116 S.Ct. 2135]; see also § 11469, subd. (j) ["civil forfeiture is intended to be remedial"].) By specifically referring to the Code of Civil Procedure as governing forfeiture proceedings under section 11469 et seq., the California Legislature provided a clear indication that such proceedings are civil in nature. (*People v. Washington* (1990) 220 Cal.App.3d 912, 917 [269 Cal.Rptr. 668] (*Washington*).) Consequently, many of the constitutional protections afforded defendants in criminal trials are not afforded claimants in civil forfeiture proceedings. For instance, claimants in civil forfeiture proceedings do not have the right to court-appointed counsel. (*People v. Madeyski* (2001) 94 Cal.App.4th 659, 664 [115 Cal.Rptr.2d 14].) The exclusionary rule does not apply in civil forfeiture proceedings. (*People v. $241,600 United States Currency* (1998) 67 Cal.App.4th 1100, 1113 [79 Cal.Rptr.2d 588]; *United States v. Janis* (1976) 428 U.S. 433, 447 [49 L.Ed.2d 1046, 96 S.Ct. 3021].) And, juror unanimity is not required. (*Washington*, *supra*, 220 Cal.App.3d at p. 917.)

■ Section 11488.5 uses the same language as article I, section 16 of the California Constitution to describe the jury trial right in forfeiture proceedings. It provides that the provisions of the Code of Civil Procedure are applicable to forfeiture proceedings unless those provisions are inconsistent with the statutory provision governing forfeiture proceedings. Since section 11488.5 does not contain any provisions specifying the means by which the right to a jury trial may be waived, Code of Civil Procedure section 631, subdivision (d)'s provisions specifying the means by which a jury trial right may be waived are not inconsistent with section 11488.5. It naturally follows that Code of Civil Procedure section 631, subdivision (d) is applicable to forfeiture proceedings, and the right to a jury trial may be waived by the means specified therein. Accordingly, we find that the Legislature intended the rules for waiver of the constitutional and statutory right to a jury trial provided in Code of Civil Procedure section 631, subdivision (d), to apply in civil forfeiture proceedings, and we reject appellant's argument that a claimant in a civil forfeiture proceeding must be afforded the same protection against waiver of a jury trial that a defendant is afforded in a criminal proceeding.

Appellant contends that she was entitled to be advised on the record of her right to a jury trial, but she does not identify any provision of the California Constitution or any statute that required the trial court to inform her of her right to a jury trial or to obtain an express waiver of that right. Error will never be presumed and must be affirmatively shown. Appellant bears the burden to provide a record on appeal which affirmatively shows that there was an error below and any uncertainty in the record must be resolved against appellant. (*In re Raymundo B.* (1988) 203 Cal.App.3d 1447, 1452 [250 Cal.Rptr. 812]; *People v. Green* (1979) 95 Cal.App.3d 991, 1001 [157 Cal.Rptr. 520].) The record on appeal does not disclose whether or not appellant was aware of her right to a jury trial. Since the record on appeal does not support appellant's claim that she was unaware of her right to a jury trial, she has failed to satisfy her burden on appeal.

■ In addition, in claiming that she was entitled to be advised on the record of her right to a jury trial, appellant cannot rely on the fact that she was representing herself during the proceedings, as many civil forfeiture claimants do. Both civil litigants and criminal defendants who represent themselves in the trial court are held to the same standards as are parties who are represented by counsel. (*Lombardi v. Citizens Nat. Trust etc. Bank* (1955) 137 Cal.App.2d 206, 208–209 [289 P.2d 823]; *People v. Lamb* (1955) 133 Cal.App.2d 179, 185 [283 P.2d 727].) All parties have an affirmative duty to timely assert their rights in order to avoid a finding that they waived or forfeited those rights. The United States Supreme Court has held that " '[n]o procedural principle is more familiar to this Court than that a constitutional right,' or a right of any other sort, 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.' [Citation.]" (*United States v. Olano* (1993) 507 U.S. 725, 731 [123 L.Ed.2d 508, 113 S.Ct. 1770].) Therefore, whether or not a claimant is represented by counsel, a claimant may forfeit or waive his or her constitutional and statutory right to a jury trial in civil forfeiture proceedings by failing to timely assert that right before the trial court.

■ There is no indication in the record on appeal that appellant ever requested a jury trial or announced that one was required in this case. Appellant admittedly did not request a jury trial and did not post the required jury fees. By failing to assert her right to a jury trial, appellant forfeited that right. Stated in the words of the applicable statute, because she failed to assert her right to a jury trial, appellant's right was "waived by consent." (§ 11488.5, subd. (c)(2).)

## III.   DISPOSITION

The judgment of forfeiture is affirmed.

Mihara, J., and McAdams, J., concurred.