Filed 11/12/14  P. v. Warne CA5

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>WILLIAM DEVORE WARNE,<br><br>    Defendant and Appellant. | F067225<br><br>(Super. Ct. No. CRF39466)<br><br>**O P I N I O N** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Tuolumne County.  Eleanor Provost, Judge.

Law Offices of Kenneth M. Foley and Kenneth M. Foley, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Charity S. Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Gomes, Acting P.J., Franson, J., and Peña, J.

After the charges were reduced to misdemeanors, appellant, William Devore Warne, pled no contest to inflicting corporal injury on a cohabitant (count I/Pen. Code, § 273.5, subd. (a))[1] and vandalism (count II/§ 594, subd. (a)) and was placed on probation for two years.

On appeal, Warne contends the court erred in its award of restitution to the victim for the costs of an emergency room visit, repairs to her truck, and an office visit to a doctor. We affirm.

## FACTS

On September 21, 2012, while at a bar in Tuolumne County, Warne got in an argument with his girlfriend. After both of them got into her truck, Warne struck his girlfriend on the face. He then got out of the truck and damaged the passenger's door and the driver's door.

On September 25, 2012, the district attorney filed a complaint charging Warne with two felonies, inflicting corporal injury on a cohabitant (count I) and vandalism (count II).

On November 2, 2012, after the court granted the prosecutor's motion to amend the complaint to reduce the charges to misdemeanors, appellant pled no contest to both counts. The court then placed Warne on two years' probation.

On February 22, 2013, the court held a restitution hearing.

On March 28, 2013, the court ordered Warne to pay the victim a net restitution amount of $7,520.59, which represented full restitution of $10,520.59 less $3,000 Warne had already paid. The court's restitution order included the following amounts that Warne challenges on appeal: $4,363 for a hospital emergency room visit, $4,310.04 for repairs to the victim's truck, and $410 for a doctor's bill for an office visit.

---

[1] All further statutory references are to the Penal Code.

2

## DISCUSSION

*Legal Principles*

Section 1202.4 provides: "It is the intent of the Legislature that a victim of crime who incurs an economic loss as a result of the commission of a crime shall receive restitution directly from a defendant convicted of that crime." (§ 1202.4, subd. (a)(1).) Subject to exceptions not relevant here, "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." (§ 1202.4, subd. (f).)

"In [*People v.*] *Birkett* [(1999)] 21 Cal.4th 226, the Supreme Court considered the impact that reimbursement of losses by a victim's own insurance carrier may have on a defendant's restitution obligation under former [Penal Code] section 1203.04. After an extensive review of the legislative history behind both the constitutional and statutory mandates for victim restitution [citation], the court held that restitution awards cannot be split between the victim and the insurer that had partially reimbursed the victim. The court reasoned as follows: '[T]he Legislature intended to require a probationary offender, for rehabilitative and deterrent purposes, to make full restitution for all "losses" his crime had caused, and that such reparation should go entirely to the individual or entity the offender had directly wronged, *regardless of that victim's reimbursement from other sources*. Only the Restitution Fund was eligible to receive any part of the full restitutionary amount otherwise due to the immediate victim. [¶] Thus, except as against the Restitution Fund, the immediate victim was entitled to receive from the probationer *the full amount of the loss caused by the crime, regardless of whether, in the exercise of prudence, the victim had purchased private insurance that covered some or all of the*

3

*same losses*....' [Citation.]" (*People v. Hamilton* (2003) 114 Cal.App.4th 932, 940-941, (*Hamilton*) italics added, fn. omitted.)

"At a victim restitution hearing, a prima facie case for restitution is made by the People based in part on a victim's testimony on, or other claim or statement of, the amount of his or her economic loss. [Citations.] 'Once the victim has [i.e., the People have] made a prima facie showing of his or her loss, the burden shifts to the defendant to demonstrate that the amount of the loss is other than that claimed by the victim. [Citations.]' [Citation.]

"'The standard of review of a restitution order is abuse of discretion. "A victim's restitution right is to be broadly and liberally construed." [Citation.] "'Where there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court.'" [Citations.]' [Citation.]" (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.)

### *Restitution for the Bill for the Emergency Room Expenses*

Warne contends the victim is not entitled to restitution of $4,363 for the emergency room expenses she incurred because her insurance company paid this bill directly to the hospital and the insurance company is an indirect victim in this case. He further contends that the $4,363 the insurance paid represents the gross amount due, not the lower amount for charges that often are negotiated and paid by insurance companies and that requiring him to pay this gross amount is contrary to the Supreme Court's decision in *Howell v. Hamilton Meats & Provisions, Inc.* (2011) 52 Cal.4th 541 (*Howell*). Warne is wrong.

As noted above, a victim is entitled to receive from the probationer "*the full amount of the loss caused by the crime, regardless of whether, in the exercise of prudence, the victim had purchased private insurance that covered some or all of the same losses.*" (*Hamilton*, *supra*, 114 Cal.App.4th at p. 941, italics added.) Thus, there is

4

no merit to Warne's claim that the victim here was not entitled to the restitution of $4,363 for the expenses she incurred for her emergency room visit because her insurance company paid the bill directly to the hospital.

The collateral source rule "dictates that an injured plaintiff may recover from the tortfeasor money an insurer has paid to medical providers on his or her behalf." (*Howell*, *supra*, 52 Cal.4th at p. 551.) In *Howell*, the Supreme Court held that a "plaintiff may not recover as past medical damages the amount of a negotiated rate differential," i.e., the amount billed for medical services that exceeds the amount accepted in full payment. (*Id*. at p. 565.)

Warne contends that the logic of *Howell* is clearly applicable to criminal restitution orders and that the court's order requiring payment of the emergency room expenses without taking into account how much the insurance company actually paid is contrary to *Howell*.

However, "[e]rror will never be presumed and must be affirmatively shown. Appellant bears the burden to provide a record on appeal which affirmatively shows that there was an error below and any uncertainty in the record must be resolved against appellant. [Citations.]" (*People v. $17,522.08 United States Currency* (2006) 142 Cal.App.4th 1076, 1084.)

Warne did not provide a copy of the reporter's transcript of the restitution hearing which might have shed some light on whether the $4,363 the court ordered Warne to pay as restitution for the victim's emergency room visit included an amount negotiated as a rate differential. Nor has Warne cited any evidence in the record that supports his claim that the $4,363 he was ordered to pay included such an amount. Therefore, even assuming *Howell* applies to criminal restitution proceedings, since Warne has not met his burden of affirmatively showing error, we summarily reject his contention that the restitution amount of $4,363 includes a negotiated rate differential.

5

*The Truck Repair Expense*

Warne contends the court abused its discretion in ordering him to reimburse the insurance company $4,310.04 for the cost of the repairs to the victim's truck because the insurance company was not a direct victim of his offenses. We summarily reject this contention because the court ordered Warne to pay restitution for this expense to the victim, not the insurance company.

*The Doctor's Office Visit Expense*

Warne appears to contend that the prosecutor failed to establish a prima facie case of an economic loss of $410 for the doctor's bill the victim received for an office visit because: 1) a doctor's bill in the victim's name does not confirm an economic loss; 2) the victim never submitted the bill to her insurance company as directed by the court at the restitution hearing; and 3) there is no indication in the record that the doctor is seeking collection directly from the victim. We summarily reject this contention because Warne has not advanced any argument or authority in support of it. (*People v. Ham* (1970) 7 Cal.App.3d 768, 783, ["Where a point is merely asserted by counsel without any argument of or authority for its proposition, it is deemed to be without foundation and requires no discussion"].) Nevertheless, we note that in our view, the victim's receipt of a doctor's bill for $410, which Warne concedes occurred, is sufficient to establish a prima facie showing that the victim suffered an economic loss in that amount.[2]

## DISPOSITION

The judgment is affirmed.

---

[2]  To the extent Warne challenges the $410 doctor bill because the prosecutor did not show whether this amount included a negotiated rate differential, we reject it for the same reasons that we rejected this claim with respect to the emergency room visit expenses the victim incurred.

6