Filed 2/1/16  Vlahopouliotis v. Vallarta Properties CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BOB VLAHOPOULIOTIS, | F069832 |
| Plaintiff, Cross-defendant and Appellant, | (Super. Ct. No. 12CECG04030) |
| v. | |
| VALLARTA PROPERTIES, LLC, | **OPINION** |
| Defendant, Cross-complainant and Respondent. | |

APPEAL from an order of the Superior Court of Fresno County.  M. Bruce Smith, Judge.

Dimitriou & Associates, Andrew N. Dimitriou and Robert Smith for Plaintiff, Cross-defendant and Appellant.

Bronwen Price, Gail B. Price; Baker Manock & Jensen, John G. Michael and Diane E. Coderniz for Defendant, Cross-complainant and Respondent.

-ooOoo-

Plaintiff appeals from an order granting defendant's discovery motions and denying plaintiff's motions to compel arbitration of the discovery dispute and to enforce the settlement agreement containing the arbitration provision.  The trial court denied plaintiff's motions, finding the parties did not agree to arbitrate the discovery dispute.  It granted defendant's discovery motions and imposed sanctions against plaintiff and his

attorney.  Plaintiff challenges the denial of arbitration and the amount of sanctions imposed.  We affirm.

## *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff and defendant own different parcels of real property within the same shopping center.  The parcels are subject to a declaration of covenants, conditions and restrictions, which designates the owner of plaintiff's parcel as the operator of the shopping center.  The declaration imposes on plaintiff, as the operator, obligations to maintain the common areas of the shopping center; it imposes on defendant an obligation to reimburse plaintiff for its share of the common area maintenance costs.  A dispute arose between the parties regarding performance of their respective duties in the operation of the shopping center.  Plaintiff sued defendant; defendant cross-complained against plaintiff.

Defendant propounded to plaintiff form interrogatories, a request for production of documents, and a request for admissions; responses were due in June 2013.  Plaintiff failed to timely respond.  After being granted more time to respond, without objections, plaintiff served unverified responses in July 2013.  Defendant repeatedly requested proper verification of the responses, but plaintiff failed to provide it.  In March 2014, defendant filed a request for a pretrial discovery conference, a prerequisite to filing a discovery motion in the trial court.  On April 1, 2014, the trial court granted the request and set the motion for hearing on April 18.

In late February and early March 2014, defendant scheduled and served notice of the depositions of plaintiff and his son, Chris Vlahopouliotis (Chris).  On the last business day before plaintiff's deposition, defense counsel received objections to both depositions, based on the unavailability of plaintiff's lead counsel.  Defendant notified plaintiff's counsel the depositions would go forward, but neither deponent appeared.  Defendant attempted to reset the depositions, without success.

On April 1, 2014, at a mandatory settlement conference, the parties reached an agreement, referred to as a settlement agreement. The parties agreed to arbitrate the claims set forth in the pleadings. They also agreed that defendant would take the depositions of plaintiff and Chris on April 7, 2014. On April 8, 2014, plaintiff filed a notice of conditional settlement; apparently as a result, the trial court took off calendar the April 18 hearing on defendant's motion to compel plaintiff to provide verifications for his written discovery responses.

On April 10, 2014, defendant filed two requests for a pretrial discovery conference. One sought a hearing of a motion to compel verifications of plaintiff's responses to discovery requests, including supplemental requests. The other sought a hearing of a motion to compel plaintiff and Chris to appear for deposition. The supporting declaration asserted plaintiff appeared for deposition on April 7, 2014, but his counsel arrived half an hour late, attempted to shorten the agreed length of the depositions, engaged in numerous conferences with plaintiff during the deposition, made improper objections to questions, and gave unjustified instructions not to answer questions. When defendant adjourned plaintiff's deposition to seek a protective order, Chris failed to appear for his deposition, which was to follow plaintiff's. Plaintiff opposed both requests for a pretrial conference. The trial court granted them and set a deadline for filing the motions to compel.

Defendant filed the motions within the time set by the trial court. The motion regarding written discovery sought to compel verification of plaintiff's previously served responses to interrogatories and requests for production of documents, and to have the matters contained in defendant's request for admission deemed admitted by plaintiff. It further sought monetary sanctions of $3,819. The deposition motion sought to compel plaintiff and Chris to attend their depositions, and to compel plaintiff to answer specified questions that he had refused to answer previously. It further sought a protective order prohibiting plaintiff's counsel from interfering with the conduct of the depositions, or

3.

appointment of a discovery referee to preside at the depositions. It also sought monetary sanctions of $20,605.

In addition to filing opposition to defendant's motions, plaintiff filed two motions of his own: a motion to compel arbitration and stay the litigation, and a motion to enforce the settlement agreement. The motion to compel arbitration sought to compel arbitration of the discovery disputes and stay the entire action, including discovery disputes, in the trial court.[1] The motion to enforce the settlement agreement essentially sought the same remedy. Defendant opposed plaintiff's motions, contending it had agreed to arbitrate only the claims set out in the pleadings, which did not include the discovery disputes.

On June 26, 2014, the trial court denied plaintiff's motions to enforce the settlement agreement and compel arbitration, but granted the motion to stay the action pending arbitration, "reserving only the discrete discovery issues involved in the defendant's motions on calendar today." As to those discovery issues, the trial court reserved "jurisdiction to make any further orders necessary for this discovery to be completed prior to arbitration." It granted the motion to compel verification and to deem matters set out in the request for admissions admitted. On that motion, it imposed monetary sanctions against plaintiff and his attorney, jointly and severally, in the amount of $3,819. The trial court also granted the motion to compel plaintiff and Chris to attend their depositions, to compel plaintiff to answer questions he had refused to answer during his previous deposition, and to issue a protective order to prevent plaintiff's counsel from interfering with the taking of the depositions. The trial court imposed sanctions on plaintiff for this motion also, but in the reduced amount of $6,476. Plaintiff appeals from the June 26, 2014, order.

---

[1]     Arbitration of the substantive claims presented in the parties' pleadings had already been initiated by plaintiff.

4.

## *DISCUSSION*

## I.    Compelling Arbitration

"On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists," unless specified exceptions apply.  (Code Civ. Proc., § 1281.2.)[2]  "In a petition to compel arbitration under this statute, 'the moving party, in essence, requests specific performance of a contractual agreement to arbitrate the controversy.  [Citation.]  The trial court must determine in advance whether there is a duty to arbitrate the controversy.  [Citation.]  This determination "necessarily requires the court to examine and, to a limited extent, construe the underlying agreement."'"  (*Stirlen v. Supercuts, Inc*. (1997) 51 Cal.App.4th 1519, 1527.)

In determining whether to compel arbitration, the trial court must determine:  (1) whether an agreement to arbitrate exists, (2) whether the claims in issue come within the scope of the arbitration agreement, and (3) whether any statutory exception, such as waiver, applies.  (*Cione v. Foresters Equity Services, Inc.* (1997) 58 Cal.App.4th 625, 634.)  "Doubts as to whether an arbitration clause applies to a particular dispute are to be resolved in favor of sending the parties to arbitration."  (*United Transportation Union v. Southern Cal. Rapid Transit Dist*. (1992) 7 Cal.App.4th 804, 808.)  California has a "strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution."  (*Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street* (1983) 35 Cal.3d 312, 322.)  However, "'[t]here is no public policy favoring arbitration of disputes which the parties have not agreed to arbitrate.'"  (*Cione*, at p. 634.)

---

[2]    All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

5.

When there is no factual dispute or conflicting extrinsic evidence about the language or terms of the arbitration agreement, the standard of review of a trial court order denying a motion to compel arbitration under section 1281.2 is de novo. (*Bono v. David* (2007) 147 Cal.App.4th 1055, 1061–1062.) Here, the parties entered into the arbitration agreement during the course of the litigation, and there was evidence of the circumstances under which the parties made the agreement. The evidence, however, was not conflicting. Accordingly, we review the trial court's ruling de novo.

The parties' agreement contains the following pertinent provisions:

> "Parties to refer any and all claims set forth in the current pleadings on file in the above entitled matter to ADR Services for a binding arbitration before a single arbitrator to be assigned per ADR Services' rules.… [¶] … [¶]

> "Vallarta may conduct the depositions of Bob and Chris Vlahopouliotis in San Jose to be concluded within one full day, 10 am to 6 pm, on April 7, 2014. No other discovery. [¶] … [¶]

> "Enforceable under CCP § 664.6. Parties to notify court of conditional settled case status. Case to remain inactive until conclusion of arbitration."

The parties specifically agreed to refer to arbitration only the claims set forth in the current pleadings in this action. "The pleadings are the formal allegations by the parties of their respective claims and defenses, for the judgment of the court." (§ 420.) "The pleadings allowed in civil actions are complaints, demurrers, answers, and cross-complaints." (§ 422.10.) Thus, the parties agreed to arbitrate only their substantive claims, as set forth in the complaint, cross-complaint, and answers.

The agreement contains no provision for arbitration of any discovery disputes. While it is true that "all discovery disputes arising out of arbitration must be submitted first to the arbitral, not the judicial, forum" (*Berglund v. Arthroscopic & Laser Surgery Center of San Diego, L.P.* (2008) 44 Cal.4th 528, 535), the discovery disputes in this case

6.

did not arise out of the arbitration. Thus, they were not required to be adjudicated in that forum.

At the time of the mandatory settlement conference at which the parties entered into the agreement, there was an existing discovery dispute about verification of plaintiff's responses to written discovery, which was set to be heard on a date after the settlement conference. The dispute arose out of discovery conducted in the judicial proceeding, and defendant had been attempting to resolve it for months. At the time of the settlement conference, defendant had already tried to resolve the matter informally, then had gone through the process of requesting and obtaining a pretrial discovery conference, appearing at the conference and obtaining leave to file the motion in court, and filing the motion and setting it for hearing.

Although a discovery motion seeking resolution of the verification issue was pending at the time of the settlement conference, the parties expressly limited their arbitration agreement to "claims set forth in the current pleadings." There was no agreement that the discovery dispute would be referred to arbitration as well. There was no agreement by defendant to forfeit or abandon its motion or its right to verified responses to its discovery requests. Considering the time and money expended by defendant in pursuing verification of plaintiff's written discovery responses, and defendant's outstanding request for sanctions to reimburse defendant for its attorney fees incurred in attempts to resolve that dispute, we cannot reasonably construe silence in the agreement as reflecting an abandonment by defendant of the discovery and sanctions motion it had already filed.

At the time of the settlement conference, defendant had also been attempting, without success, to take the depositions of plaintiff and Chris. In their settlement agreement, the parties agreed defendant would take those depositions on a specified date. The agreement contemplated that the witnesses would appear and testify in compliance with their obligations, and the depositions would be completed in one day. Instead, the

7.

conduct of plaintiff and his attorney during plaintiff's deposition led defendant to adjourn that deposition in order to seek a protective order; after that adjournment, Chris's deposition was not taken as scheduled.

The depositions were not taken in the course of the arbitration, so the dispute over the depositions did not arise out of the arbitration and was not required to be heard by the arbitrator. The settlement agreement specifically permitted defendant to take the depositions, without regard to the arbitration proceeding. We construe the agreement as entitling defendant to take meaningful depositions of plaintiff and Chris, rather than depositions obstructed by plaintiff and his attorney. Because there was no agreement to arbitrate disputes arising out of the depositions, and the discovery did not arise out of the arbitration (which had not been initiated yet on the date scheduled for the depositions), the motion to compel plaintiff and Chris to submit to depositions and answer questions was properly brought in the trial court. Nothing in the agreement prevented defendant from seeking to enforce its right to take the depositions in the judicial action.

Plaintiff contends the provision for "[n]o other discovery" precluded defendant from pursuing the discovery motions in court. We construe the provision to preclude the parties from initiating discovery other than the two depositions expressly permitted by the agreement. It did not affect discovery motions. Discovery motions are not themselves discovery, but are a means of enforcing a party's right to obtain discovery responses in accordance with the discovery statutes. (See, e.g., §§ 2019.010, 2020.010, setting out the methods of discovery; § 2024.020, setting separate cutoff dates for completion of discovery proceedings and hearing of discovery motions.) Further, "discovery is considered completed on the day a response is due." (§ 2024.010.) Plaintiff's verified responses to the discovery requests were due long before the parties entered into the settlement agreement; the discovery was complete and only the motions remained. Thus, we conclude the settlement agreement did not preclude defendant from pursuing discovery motions based on discovery requests whose responses were due prior to

8.

execution of the settlement agreement or based on the depositions the agreement expressly permitted defendant to take before arbitration.

Plaintiff asserts the language "[c]ase to remain inactive until conclusion of arbitration," precludes defendant's pursuit of its discovery motions in court. This provision simply reflects the parties' agreement that the judicial action will remain on hold while the parties' claims are being arbitrated. It does not expand the scope of the agreed arbitration or the concurrent inactivity. The parties agreed to arbitrate only the claims set forth in the current pleadings. They did not agree to arbitrate preexisting discovery motions or motions arising out of the depositions permitted by the settlement agreement.

The trial court properly denied plaintiff's motion to compel arbitration of the parties' discovery disputes.

## II.    Discovery Motions

Plaintiff advances two arguments for reversal of the orders on the discovery motions: (1) the trial court lacked jurisdiction to hear and rule on the discovery motions because they should have been referred to arbitration pursuant to the parties' settlement agreement, and (2) the trial court lacked jurisdiction to hear and rule on the discovery motions because they were heard after the cutoff date for hearing discovery motions set out in section 2024.020, subdivision (a).

### A.    *Arbitration*

We reject plaintiff's first argument—that the trial court lacked jurisdiction to rule on the discovery motions because they should have arbitrated—on the ground already discussed. The trial court correctly denied the motion to compel arbitration of the discovery motions because the parties did not agree to arbitrate the discovery disputes.

### B.    *Discovery motion cutoff*

Generally, "any party shall be entitled as a matter of right … to have motions concerning discovery heard on or before the 15th day, before the date initially set for the

9.

trial of the action." (§ 2024.020, subd. (a).)  On motion of a party, however, the trial court may grant leave to have a discovery motion heard closer to the initial trial date or to reopen discovery after a new trial date has been set.  (§ 2024.050, subd. (a).)  Plaintiff contends the trial court lacked jurisdiction to entertain the discovery motions because defendant did not obtain leave to set them for hearing later than 15 days before the initial trial date.  The case was set for trial on April 30, 2014.  Thus, the discovery motion cutoff date was April 15, 2014.

By local rule, before filing a discovery motion involving written discovery requests, defendant was required to request an informal pretrial discovery conference. (Super. Ct. Fresno County, Local Rules, rule 2.1.17(A).)  If the trial court denied the request and permitted defendant to file the discovery motion, or if it granted the request, but the parties were unable to resolve the dispute at the conference, defendant could then file the discovery motion and set it for hearing.  (*Ibid*.)  Filing the request for a pretrial discovery conference tolled the time for filing a motion to compel discovery for the length of time between the filing of the request and issuance of an order pertaining to the discovery dispute.  (*Ibid*.)  Defendant filed its initial request for a pretrial discovery conference on March 5, 2014.  If plaintiff wished to oppose the merits of the discovery motion, he was required to file opposition to the request for a pretrial conference.  (*Id*., rule 2.1.17(A)(1), (C).)  "Refusal of any counsel to participate in a Pretrial Discovery Conference shall be grounds, in the discretion of the Court, for entry of an order adverse to the party represented by counsel so refusing, or adverse to counsel.  Failure to file a written opposition to the merits underlying a request for a Conference is considered a refusal to participate.  Where there has been no written opposition to the merits of the request filed the Court may, in its discretion, enter an order adverse to the non-responding party." (*Id.*, rule 2.1.17(C).)

Plaintiff filed no opposition to defendant's request.  The trial court granted the request and set the pretrial discovery conference for April 18, 2014, three days after the

motion cutoff date. After the parties entered into their arbitration agreement, plaintiff filed with the court a notice of conditional settlement, and the trial court took the pretrial discovery conference off calendar.

On April 10, 2014, after defendant attempted to take the depositions of plaintiff and his son, defendant filed requests for a pretrial discovery conference for its motions to compel verification of plaintiff's discovery responses, to deem matters in the request for admissions admitted, and to compel plaintiff and his son to appear for deposition and answer questions, without interference from plaintiff's counsel. Plaintiff filed opposition to the requests, but did not object on the ground there was insufficient time to set the hearing before the last day for hearing discovery motions had passed. After failing to resolve the discovery disputes at the pretrial discovery conference, the trial court granted defendant leave to file the discovery motions by May 16, 2014; defendant filed them on that date. On June 13, 2014, plaintiff filed his opposition to both discovery motions. Although plaintiff argued the trial court lacked jurisdiction to hear the motions because the parties had agreed to arbitrate their claims, he did not argue that the motions were untimely because they were not to be heard 15 days or more before the initial trial date.

At oral argument of the discovery motions, plaintiff asserted for the first time that the motions were untimely because they were not heard at least 15 days before the trial date. Defendant objected to plaintiff raising a new argument, asserting it had been waived. Plaintiff argued the time period was jurisdictional, so it could not be waived. The trial court's ruling did not mention the untimeliness argument, but ruled on defendant's motions on the merits.

"All parties have an affirmative duty to timely assert their rights in order to avoid a finding that they waived or forfeited those rights." (*People v. $17,522.08 United States Currency* (2006) 142 Cal.App.4th 1076, 1084.) "The rule is designed to advance efficiency and deter gamesmanship." (*Keener v. Jeld-Wen, Inc*. (2009) 46 Cal.4th 247,

11.

264.)  It requires a party to be vigilant and bring errors to the attention of the trial court at a time when they may be addressed and remedied.  (*Id*. at pp. 264–265.)

On appeal, the trial court's order is presumed correct.  (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564.)  If the trial court did not make express findings, we will imply findings in support of the order.  (*Federal Home Loan Mortgage Corp. v. La Conchita Ranch Co*. (1998) 68 Cal.App.4th 856, 860.)  "Thus, even where there are no express findings, we must review the trial court's exercise of discretion based on implied findings that are supported by substantial evidence."  (*Ibid*.)  Because the trial court ruled on the discovery motions on the merits, we infer it concluded plaintiff waived or forfeited any objection to the untimeliness of the motions.  Substantial evidence supports that conclusion.  Plaintiff failed to raise the issue in his opposition to the request for a pretrial discovery conference; he was required to present his opposition to the merits of the motion there or risk an adverse ruling.  Plaintiff also failed to raise the issue in his written opposition to the subsequently filed discovery motion.  Because he did not raise it there, defendant had no opportunity to address it in its reply papers.  Plaintiff raised the untimeliness argument for the first time at the hearing of the discovery motions, which occurred almost two months after the scheduled trial date, without giving any reason for the delay.

Plaintiff contends the issue was not waived or forfeited because it is jurisdictional.  Plaintiff is mistaken.  "'Lack of jurisdiction' is a term used to describe situations in which a court is without authority to act."  (*In re Claudia S*. (2005) 131 Cal.App.4th 236, 245.)  "Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties."  (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288 (*Abelleira*).)  Plaintiff apparently does not claim a lack of fundamental jurisdiction of subject matter or parties.

In its more ordinary usage, the term "lack of jurisdiction" refers to situations in which the court has no power to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites. (*Abelleira, supra*, 17 Cal.2d at p. 288.) For example, "[a] court may have jurisdiction to grant a new trial after motion based upon proper statutory grounds, but has no jurisdiction to make the order unless the moving party has given his notice of intention within the prescribed statutory time. [Citation.] The court has power under section 473 of the Code of Civil Procedure to set aside its judgment or order on motion where it was entered against a party through inadvertence, excusable neglect, or mistake; but that power is wholly lost at the end of the six months' period prescribed by statute. [Citation.] An appellate court may have power to hear and determine a particular case on appeal, but is without jurisdiction to do so unless the procedural step of notice of appeal within the prescribed statutory time is taken." (*Id.* at p. 289.)

The statute providing that a party is entitled to have discovery motions heard on or before the fifteenth day before the initial trial date is not a jurisdictional statute. The trial court does not lose jurisdiction of the matter if a party does not comply with the deadline. Section 2024.050, subdivision (a), expressly authorizes the trial court to grant leave to hear discovery motions closer to the trial date or to permit motions to be heard later, after a new trial date has been set. Consequently, the deadline is not jurisdictional, and the trial court did not err in implicitly finding plaintiff waived any objection to having the motions heard after the deadline by failing to raise the objection prior to his oral argument at the hearing.

## III. Sanctions

Plaintiff contends the trial court abused its discretion in setting the amount of sanctions imposed against plaintiff and his attorney, Andrew Dimitriou. Defendant contends the notice of appeal was filed only by plaintiff, so Dimitriou is not an appellant and may not challenge the imposition of sanctions against him. When sanctions are

13.

imposed against the party and his attorney, the better practice is for the sanctioned attorney to file a separate notice of appeal. We may, however, liberally construe the notice to include the attorney who filed the appeal on behalf of the party. (*Kane v. Hurley* (1994) 30 Cal.App.4th 859, 861, fn. 4; *Eichenbaum v. Alon* (2003) 106 Cal.App.4th 967, 974; Cal. Rules of Court, rule 8.100(a)(2).) We so construe the notice of appeal, and review the sanctions order as it applies to both plaintiff and attorney Dimitriou.

Generally, "the appropriate test of abuse of discretion is whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered." (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 598.) "Judicial discretion 'implies absence of arbitrary determination, capricious disposition or whimsical thinking. It imports the exercise of discriminating judgment within the bounds of reason.'" (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 957.) "'The burden is on the party complaining to establish an abuse of discretion ….' [Citations.] '[T]he showing is insufficient if it presents facts which merely afford an opportunity for a difference of opinion.'" (*Brawley v. J.C. Interiors, Inc.* (2008) 161 Cal.App.4th 1126, 1138, first bracketed insertion added.)

"The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct." (§ 2023.030, subd. (a).) The declarations filed in support of defendant's discovery motions and requests for sanctions set out the steps defendant went through in an attempt to obtain plaintiff's compliance with his discovery obligations. They also set out the total amount billed for those unsuccessful efforts, supported by itemized billing statements.

Plaintiff argues the discovery motions were relatively simple and the high amount of sanctions suggests it included a punitive element. The billings submitted by

14.

defendant, however, indicate the tasks counsel was required to perform in order to obtain the discovery sought, including appearing for depositions when plaintiff and his counsel either did not appear as scheduled or appeared and obstructed the deposition, and repeatedly communicating with plaintiff's counsel over the course of months in an attempt to obtain proper verifications of plaintiff's discovery responses. Defendant sought over $20,000 in attorney fees for the obstruction of plaintiff's deposition. The trial court awarded only $6,476. We conclude plaintiff has not demonstrated the award of sanctions exceeded the bounds of reason, all of the circumstances before it being considered.[3]

## *DISPOSITION*

The order is affirmed. Defendant is entitled to its costs on appeal.

_____
HILL, P.J.

WE CONCUR:


_____
GOMES, J.


_____
DETJEN, J.

---

**3** Because we find plaintiff has not established any abuse of discretion in the trial court's award of sanctions, we need not discuss whether the sanctions should be treated as one award of approximately $10,000 that is appealable because it exceeds $5,000 (§ 904.1, subd. (a)(12)), or two separate awards of sanctions, only one of which exceeds $5,000 and is appealable.

15.